UNITED STATED DISTRICT COURT
DISTRICTOF MASSACHUSETTS

| | |
|---|---|
| SAM'S INTERNATIONAL GROUP LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> SOL NY CORP. ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: |

## COMPLAINT FOR DECLARARATORY JUDGMENT

Plaintiff Sam's International Group, LLC ("Plaintiff" or "SAM'S") by and through its attorneys, files this Complaint against Defendant Sol NY Corp. d/b/a Sol Trading Corporation ("Defendant" or "Sol NY"). This is an action for declaratory judgment arising out of Defendant's unsupportable allegations of trademark infringement.

## NATURE OF THE ACTION

Plaintiff, SAM'S is the developer of certain CRAVE+ brand products, trademarks, assets, and related property. SAM'S owns all right, title and interest in the trademark CRAVE+ (hereinafter the "CRAVE+ mark") for use with electronic cigarettes, vape cartridges, liquid nicotine solutions, and other related products ("CRAVE+ Products"). SAM'S manufactures and sells its CRAVE+ Products at wholesale throughout Massachusetts and many of the Eastern United States. SAM'S has continuously used the CRAVE+ mark in connection with the sale of electronic cigarettes, and liquid nicotine solutions since at least June 1, 2019. SAM'S sells its CRAVE+ Products throughout the Eastern United States and has a loyal fan base and community which is growing each year. Accordingly, the CRAVE+ mark has become a source identifier for

1

the CRAVE+ Products including electronic cigarettes, vapes, liquid nicotine and related products along the good will associated with the mark CRAVE+.

A copy of Plaintiff's CRAVE + mark is reproduced herein following:



Defendant Sol NY has wrongfully asserted that Plaintiff's use of its mark CRAVE+ in connection with the sale of vapes, electronic cigarettes and liquid nicotine products infringes its U.S. Trademark Reg. No. 4,954,296 for word mark "KRAVE" for tobacco water pipes, in class 34 ("the '296 Registration"), when no such trademark infringement exists. In fact, SAM'S has priority of use of its mark CRAVE+ for use with electronic cigarettes, vapes, and liquid nicotine. Accordingly, Plaintiff is entitled to a declaration that SAM'S sale of its vapes, electronic cigarettes and liquid nicotine products under its CRAVE + mark does not infringe Defendant's '296 Registration for mark KRAVE.

PARTIES

1.  Plaintiff, Sam's International Group LLC ("Plaintiff") is a Massachusetts limited liability company with a principal place of business located at 78 Olympia Avenue, Woburn, Middlesex County, Massachusetts 01801.

2.  Defendant Sol NY Corp. ("Defendant") is a New York corporation having a principal office located at 2417 Jericho Turnpike, #299, Garden City Park, New York 11040.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because it arises out of the Constitution, laws, or treaties of the United States. Specifically, this action for declaratory judgment arises out of Defendants' assertion of trademark claims pursuant to, inter alia, 15 U.S.C. § 1051, etc. ("Trademark Act"); 15 U.S.C. § 1125, etc. ("Lanham Act"); and 28 U.S.C. §§ 2201 and 2202 ("Declaratory Judgment Act").

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in this district. Specifically, Defendants have put in issue Plaintiff's acts in this district by alleging those acts to infringe Defendants' trademark rights in its mark KRAVE registered for tobacco water pipes.

## FACTUAL BACKGROUND

5. Plaintiff company was first established June 6, 2016 in Salem, New Hampshire and has continuously operated since that time.

6. Since about 2018, Plaintiff has made substantial investment in developing a unique and distinctive brand of goods including electronic cigarettes, vape cartridges and related goods (sold under the trademark CRAVE+ and derivatives thereof ("the CRAVE+ marks").

7. Plaintiff's CRAVE+ mark is a design mark consisting of capital letters CRAVE, with the wording "CRAVE+" appearing in black with a diagonal blue line making the tail of the letter R; an orange plus sign after the word CRAVE+; and a blue and orange and white image of a flame and water droplet above the word CRAVE+." An image of Plaintiff's unique CRAVE+ mark is attached hereto at Exhibit A.

8. Plaintiff and/or its agents sell the CRAVE+ Products under the CRAVE+ marks as both a wholesaler and retailer within the Commonwealth of Massachusetts, and many of the Eastern United States.  An image of a sample of Plaintiff's CRAVE+ Products is attached hereto as Exhibit B-1, B-2.

9. Plaintiff Goods are distributed to hundreds of retailers throughout the Commonwealth and New England wherein the Goods are sold to Plaintiff's customers.

10. Plaintiff has invested a tremendous amount of resources in developing, marketing and advertising its Goods sold in connection with the CRAVE+ mark.

11. Plaintiff has used its CRAVE+ mark in connection with its CRAVE+ Products continuously and exclusively since at least June 1, 2019.

12. Since at least June 1, 2019, Plaintiff has manufactured and sold at wholesale its CRAVE+ Products under the trademark "CRAVE+" and derivatives thereof.

13. Plaintiff's CRAVE+ marks used in connection with its Goods include CRAVE+, CRAVE+ MAX, CRAVE+ PRO, CRAVE+ MEGA, and others.

14. Plaintiff is the owner of Massachusetts Trademark Registration No.: 92160 issued December 6, 2022, for the Mark "CRAVE+" ("Mark") in Class 34 for goods identified as "Electronic cigarettes as substitutes for traditional cigarettes; Liquid nicotine solutions for use in electronic cigarettes".

15. Plaintiff has filed a U.S. trademark application serial number 97685259 for its CRAVE+ mark for the same Goods filed November 20, 2022 which is pending.

16. Plaintiff owns the following U.S. Trademark applications directed to its CRAVE+ portfolio of marks for the CRAVE+ Products identified as "oral vaporizers for smokers" or similar goods.

        U.S. Trademark Appl. No.: 97884787 for Word mark: CRAVE+ MAX

        U.S. Trademark Appl. No.: 97893605 for Word mark: CRAVE+ AIR

        U.S. Trademark Appl. No.: 97892154 for Word mark: CRAVE AIR

        U.S. Trademark Appl. No.: 97884146 for Word mark: CRAVE+ MAX

        U.S. Trademark Appl. No.: 97884199 for Word mark: CRAVE+ MAX GVR

17. Plaintiff has expended substantial amounts of time and money in order to establish and preserve goodwill associated with the mark CRAVE+.

18. In using the mark CRAVE+ in connection with the CRAVE+ Products in commerce since 2019, Plaintiff has developed acquired distinctiveness in the marketplace.

19. In using the mark CRAVE+ in connection with the CRAVE+ Products in commerce since 2019, Plaintiff has established common law trademark rights to the mark CRAVE+.

20. Plaintiff has generated significant goodwill in its CRAVE+ mark, which is distinctive and constitutes a valuable asset of Plaintiff.

<u>Defendant's trademark</u>

21. Defendant is the owner of U.S. Trademark Registration No. 4,954,296 for mark "KRAVE" for tobacco water pipes in International Class 34 which Registration issued May 10, 2016 ("the '296 Registration"). A copy of the '296 Registration is attached hereto as Exhibit C.

22. Upon information and belief, Defendant does not sell electronic cigarettes, vapes or liquid nicotine in connection with its KRAVE mark.

23. Upon information and belief, Defendant has not applied for trademark rights for the mark KRAVE in connection with electronic cigarettes, vapes, or liquid nicotine products.

24. A side-by-side comparison of the mark is as follows:

Plaintiff's CRAVE+ mark, used with
Electronic cigarettes, vapes, and liquid
Nicotine products:

Defendant's KRAVE mark
registered for: tobacco water pipes




### DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

25. Beginning about November 7, 2023, Defendant Sol NY sent threatening cease and desist letters to numerous wholesale customers of Plaintiff whom are distributors of SAM's CRAVE+ Products, including at least the following:

> Keshav Distributor LLC dba New England Smoke Distribution
> 460 Amherst Street
> Nashua, NH 03063
>
> Kumar Inc., dba Ravi's Wholesale Market
> 391 S Broadway, Suite B
> Salem, NH 03079
>
> Boston Wholesale Outlet
> 47 Spruce Street
> Chelsea, MA 02150

26. On December 4, 2023, Defendant Sol NY sent a similar cease and desist letter to Plaintiff claiming that Plaintiff's CRAVE+ "disposable vapes" or the "CRAVE+ Products" infringe Defendants '296 Registration for the mark KRAVE in class 34.

6

27. On December 6, 2023, Defendant Sol NY sent a cease and desist letter to the following retailer which sells Plaintiff's Crave+ Products to consumers via its online retail store:

> APVAPESHOP INC.
> 1941 Coney Island Ave.
> Brooklyn, NY 11223

28. Each of the cease and desist letters claim Plaintiff's CRAVE+ Products infringe Defendant's '296 Registration for mark KRAVE for tobacco water pipes, and demand these sellers cease and desist selling the CRAVE+ Products, or face legal claims seeking injunctive relief, profits from the sale of the goods, treble damages and attorney's fees.

29. Plaintiff has been selling its CRAVE+ Products since at least June 1, 2019 and is not aware of any evidence of actual confusion in the marketplace between the CRAVE+ Products and the KRAVE mark of the '296 Registration.30.   Defendant has not alleged any instance of actual confusion in the marketplace between Plaintiff's CRAVE+ Products and the source thereof.

30. Plaintiff has protectable trademark rights in the CRAVE+ mark for use with electronic cigarettes and liquid nicotine solutions for use in electronic cigarettes under G.L. 110H, s. 5(b) and under common law.

31. Plaintiff has priority of use of the mark CRAVE+ for use with electronic cigarettes, vapes, and liquid nicotine solutions over Defendant's claimed use of its mark KRAVE for vape products.

32. There is no likelihood of confusion between Plaintiff's CRAVE+ Products and the KRAVE mark of Defendant's '296 Registration for tobacco water pipes.

33. There presently exists an actual controversy regarding Plaintiff's right to market and sell its CRAVE+ Products free of any allegation by Sol NY that such conduct constitutes an

infringement of the '296 Registration or any trademark rights allegedly owned by Defendant Sol NY.

## COUNT I

### Declaratory Judgment of Non-Infringement

34. Plaintiff incorporates by reference each of the paragraphs set forth above as if each and every allegation was separately set forth herein.

35. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1125, etc. ("Lanham Act"); and 28 U.S.C. §§ 2201 and 2202 ("Declaratory Judgment Act").

36. The sale and/or offering for sale of Plaintiff's CRAVE+ Products is not likely to cause confusion, to cause mistake, or to deceive the consuming public as to the source of origin, sponsorship, or affiliation with Defendant or the goods offered by Defendant and sold under the '296 Registration.

37. Defendant's '296 Registration for the mark KRAVE for tobacco water pipes does not provide any trademark rights directed to electronic cigarettes, vapes, liquid nicotine products such as Plaintiff's CRAVE+ Products.

38. Defendant's '296 Registration does not provide exclusive rights for the use of the KRAVE mark for electronic cigarettes, vape, or liquid nicotine products such as those sold by Plaintiff under its CRAVE+ mark.

39. An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning Defendant's allegations of infringement of the '296 Registration based on Plaintiff's marketing and sale of its CRAVE+ Products.

40. Plaintiff seeks a declaratory judgment from this Court that: 1) Plaintiff's use of its CRAVE+ mark in connection with the marketing and sale if its CRAVE+ Products including electronic cigarettes, vapes and liquid nicotine products has not and does not infringe Defendant's '296 Registration or any trademark rights Defendant may have in its mark KRAVE for use with tobacco water pipes or otherwise; and 2) Plaintiff's use of its CRAVE+ mark in connection with the marketing and sale of electronic cigarettes, vapes and liquid nicotine products since at least June 1, 2019 constitute priority of use of the CRAVE+ mark over any alleged subsequent use of Defendant's KRAVE mark with vape products.

## COUNT II

### Declaratory Judgment of No Trademark Dilution

41. Plaintiff incorporates by reference each of the paragraphs set forth above as if each and every allegation was separately set forth herein.

42. An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning Defendant's alleged rights in the mark KRAVE of the '296 Registration and whether Plaintiff's marketing and sale of its CRAVE+ Products constitutes trademark dilution of Defendant's KRAVE mark.

43. Defendant has not engaged in substantially exclusive use of the mark KRAVE in connection with the sale of vape products.

44. Defendant's KRAVE mark as allegedly used with vape products is not famous.

45. Defendant's KRAVE mark is not distinctive of Defendant's alleged vape products used in connection with the KRAVE mark.

46. Plaintiff's use of its CRAVE+ mark in connection with electronic cigarettes, vapes, and liquid nicotine products has not and does not dilute or tarnish the alleged distinctiveness

Defendant's mark of the '296 Registration may have in connection with the sale of tobacco water pipes.

47. Plaintiff seeks a declaratory judgment from this Court that Plaintiff's use marketing and sale of electronic cigarettes, vapes and liquid nicotine products has not and does not dilute or tarnish Defendant's mark KRAVE of the '296 Registration.

## COUNT III

### Declaratory Judgment of No False Designation of Origin

48. Plaintiff incorporates by reference each of the paragraphs set forth above as if each and every allegation was separately set forth herein.

49. An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning Defendant's alleged rights in the mark KRAVE of the '296 Registration and whether Plaintiff's marketing and sale of its CRAVE+ Products constitutes false designation of origin as alleged by Defendant.

50. Defendant has not engaged in substantially exclusive use of the mark KRAVE in connection with the sale of vape products.

51. Defendant's KRAVE mark is not distinctive of Defendant's alleged vape products used in connection with the KRAVE mark.

52. Plaintiff's use of its CRAVE+ mark in connection with electronic cigarettes, vapes, and liquid nicotine products has not and is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant or as to the origin, sponsorship, or approval of Plaintiff's CRAVE+ Products and Defendant.

53. Plaintiff seeks a declaratory judgment from this Court that Plaintiff's use marketing and sale of electronic cigarettes, vapes and liquid nicotine products has not and does not create a false designation of origin with respect to Defendant and/or Defendant's goods sold under the KRAVE mark of the '296 Registration.

## COUNT III

### Declaratory Judgment of No Unfair Competition

54. Plaintiff incorporates by reference each of the paragraphs set forth above as if each and every allegation was separately set forth herein.

55. An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning Defendant's alleged rights in the mark KRAVE of the '296 Registration and whether Plaintiff's marketing and sale of its CRAVE+ Products constitutes unfair competition.

56. Defendant has not engaged in substantially exclusive use of the mark KRAVE in connection with the sale of vape products.

57. Defendant's KRAVE mark is not distinctive of Defendant's alleged vape products used in connection with the KRAVE mark.

58. Plaintiff's use of its CRAVE+ mark in connection with electronic cigarettes, vapes, and liquid nicotine products has not and is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant or as to the origin, sponsorship, or approval of Plaintiff's CRAVE+ Products and Defendant.

59. Plaintiff's use of its CRAVE+ mark in connection with electronic cigarettes, vapes, and liquid nicotine products has not and does not infringe Defendant's '296 Registration for mark KRAVE for tobacco water pipes in class 34.

60. Plaintiff's use of its CRAVE+ mark in connection with electronic cigarettes, vapes, and liquid nicotine products has not and does not constitute trademark dilution of Defendant's mark KRAVE of the '296 Registration and does not create a false designation of origin with respect to the mark KRAVE of the '296 Registration.

61. Plaintiff seeks a declaratory judgment from this Court that Plaintiff's use marketing and sale of electronic cigarettes, vapes and liquid nicotine products has not and does not create a false designation of origin with respect to Defendant and/or Defendant's goods sold under the KRAVE mark of the '296 Registration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment as follows:

1. Plaintiff and/or its agents marketing and sale of its CRAVE+ Products, has not and does not infringe, dilute or create a false designation of origin with respect to Defendant's mark KRAVE of the '296 registration or any trademark rights of Defendant in the mark KRAVE;

2. Plaintiff and/or its agents marketing and sale of its CRAVE+ Products, has not and does not unfairly compete with Defendant under state or federal law; and

3. An order Defendant to pay Plaintiff's attorney fees and costs incurred in connection with bringing this action;

4. For such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE.

Respectfully submitted,

*/s/ Donald J. MacDonald*

Date:   January 11, 2024

Donald J. MacDonald (BBO #644582)
Paul J. Coleman (BBO # 642759)
COLEMAN & MACDONALD LAW OFFICE
325 Central Street
Saugus, MA  01906
Tel.: 781-205-4735
Fax:  781-295-2152